**GRUMMAN FLXIBLE CORPORATION,**
**Plaintiff,**

v.

**Elizabeth Hanford DOLE, Secretary,**
**Department of Transportation,**
**Defendant.**

**Civ. A. No. 83–2034.**

United States District Court,
District of Columbia.

Nov. 30, 1983.

Francis J. O'Toole, John T. Boese, P. David Richardson, Fried, Frank, Harris, Shriver & Kampelman, Washington, D.C., for plaintiff.

Newman T. Halvorson, Jr., Richard Stanley, Asst. U.S. Attys., Civil Division, Washington, D.C., for defendant.

Richard C. Gering, Louis A. Lehr, Jr., Carl R. Kanter, Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., Carlyle C. Ring, Jr., Ober, Kaler, Grimes & Shriver, Washington, D.C., Carl J. Frank, General Counsel, Regional Transportation Authority, Chicago, Ill., for intervenor-defendant Regional Transportation Authority.

## MEMORANDUM

FLANNERY, District Judge.

This matter comes before the court on the motion of the Regional Transit Authority, ("RTA"), to intervene as an additional party defendant in this action, pursuant to Rule 24, Fed.R.Civ.P. Plaintiff opposes this motion on the grounds that intervenors' application is untimely and intervenor allegedly seeks to raise issues already decided by another Federal District Court. After careful consideration of the memoranda submitted by plaintiff and RTA, this court finds that RTA's motion is meritorious and should be granted.

*Facts*

On June 29, 1979, RTA entered into a contract with Flxible to purchase 205 Advanced Design Buses manufactured by Flxible. Late in the summer of 1981, RTA encountered problems with the buses. On November 19, 1981, RTA filed a lawsuit against Flxible in the Circuit Court of Cook County, Illinois, seeking recovery of economic losses. On February 9, 1982, the court dismissed the suit without prejudice because of RTA's failure to exhaust its administrative remedies as required by the disputes clause of the contract. *Regional*

*Transportation Authority v. Grumman Flxible Corp.,* 532 F.Supp. 665, 666 (N.D. Ill.1982). RTA did not appeal that determination, but instead submitted its claims to the RTA Contracting Officer. On January 19, 1983, the Contracting Officer found that RTA was entitled to its full claim of $2,908,291.69. Flxible filed a timely appeal with the Urban Mass Transportation Administration, ("UMTA"), as required by the disputes clause of the contract. UMTA refused to conduct a *de novo* review of the contracting officer's determination, and, after a limited review, affirmed that determination on June 17, 1983.

On July 5, 1983, Flxible filed the present case before this court. Its complaint challenged UMTA's decision as arbitrary and capricious and seeks a declaratory judgment that the decision was invalid and a permanent injunction requiring UMTA to conduct a *de novo* review of the contracting officer's determination. A suit filed by RTA in the Northern District of Illinois in June, 1983, has been stayed pending resolution of the present case by this court. That stay was entered on October 3, 1983.

Exactly one month later, RTA filed the motion to intervene presently before the court. RTA asserts that its interests will be integrally affected by this court's decision, because it will be bound by collateral estoppel when the civil action resumes in the Northern District of Illinois. *See* Motion to Intervene at ¶ 3. RTA further argues that it will assert a defense, that the UMTA lacks jurisdiction over this dispute, that is not raised by the present defendant. Thus, it claims, its interests would not be adequately represented in this action unless it were allowed to intervene.

Plaintiff opposes RTA's motion on two grounds. Initially, it claims that RTA's motion is untimely, because it unnecessarily delayed presenting the motion to this court. It argues that RTA's intervention would disrupt this court's schedule for the prompt consideration of the parties' dispositive motions. Secondly, it maintains that RTA's jurisdictional argument has already been decided against RTA by the Federal Court in Illinois.

*Discussion*

■ In considering a motion for intervention under Rule 24, this court is guided by the words of the United States Court of Appeals for the District of Columbia Circuit in *Hodgson v. United Mine Workers:*

The right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard.

473 F.2d 118, 130 (D.C.Cir.1972). Intervention as a right is proper under Rule 24(a)(2) if the motion is timely, the intervenor has an interest in the subject matter of the action that may be impaired by the disposition of the action, and that interest is not adequately represented by an existing party. Plaintiff argues that RTA's motion is not timely because they waited for several months after this suit was filed to intervene. It would have been difficult, if not impossible, however, for RTA to determine whether its interests would be adequately represented in this action until the defendant filed its motion for summary judgment. It cannot be said, therefore, that RTA should have acted sooner to protect its interests. *See NAACP v. New York,* 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). Furthermore, plaintiff would suffer no prejudice from the granting of this motion. Plaintiff will be given adequate time to respond to RTA's motion for summary judgment, and the scheduled hearing on the dispositive motions will not be delayed. RTA's motion is, therefore, timely.

■ There is no question that RTA has a "real stake" in this controversy. The issue that is being litigated in this court is whether the UMTA's decision to affirm the award of nearly $3 million to RTA was valid. Thus, RTA has a very clear and identifiable interest in the resolution of that issue. Furthermore, the Federal District Court for the Northern District of Illinois has indicated that RTA would be

bound by the decision of this court when the lawsuit in that jurisdiction proceeds. The court stated:

> While RTA is not a party to the District of Columbia suit, it is effectively in "privity" with UMTA (in the sense that both will be equally bound by the District of Columbia court's determination as to the validity of the UMTA decision).

*Regional Transportation Authority v. Grumman Flxible Corp.*, C.A. 83 C 4399 at 9 n. 3 (N.D.Ill.1983). Not only does RTA have an obvious interest in the present dispute, but, in light of the above opinion, this may be its only opportunity to argue the matter at the trial level. RTA clearly meets the requirement of interest set out in Rule 24(a)(2).

■ The final requirement is that this interest not be represented by an existing party. RTA alleges that its jurisdictional argument has not been raised by the present defendant, and thus, its interests would not be fully represented if it were not allowed to intervene. Plaintiff argues that this jurisdictional argument has already been defeated when it was raised before the Federal District Court in Illinois. Although after full briefing it may be established that plaintiff's assertion is correct, it is not at all clear at this stage that this precise issue has already been decided in this matter. At this point, therefore, it appears that RTA must be allowed to intervene in order to guarantee that its interests are adequately protected.

Furthermore, even if this court were to accept plaintiff's argument it would still be inclined to allow RTA to intervene under Rule 24(b). As noted above, the court finds that RTA's motion was timely filed. It is clear that RTA's defenses have questions of law and fact in common with the main action. Finally, no party will be prejudiced in anyway by the granting of the motion to intervene.

For all of the reasons stated above, RTA's motion to intervene as an additional defendant is granted.